IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN DE JESUS, AMANDA DE JESUS LAURITZEN
and A.D., a minor,

                                                    ORDER

            Plaintiff,

                                               11-cv-579-bbc

    v.

MICHAEL DE JESUS, MELISSA DE JESUS
and DEBORAH LAVENDUSKEY,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The parties to this case are disputing ownership of the proceeds from a life insurance policy issued to Michael A. De Jesus, who died in 2011.  Defendants (De Jesus's children from his first marriage and his sister) are the named beneficiaries but plaintiffs (the children of De Jesus's second wife) contend that they are entitled to the money under state law because of a provision in a divorce judgment between De Jesus and his second wife.  Both sides have filed motions for summary judgment, but I cannot resolve them until the parties show that the court has jurisdiction to decide the case.

      Plaintiffs filed the lawsuit in state court, but former defendant Prudential Insurance Company of America removed it to this court, with the consent of all defendants.  Dkt. #1.

(Prudential issued the life insurance policy at issue. After removing the case, it deposited the proceeds of the policy with the clerk of court and was dismissed from the case. Dkt. ##11 and 23.) As a basis for jurisdiction, defendants cited 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiffs and defendants and an amount in controversy greater than $75,000. Defendants alleged that they were citizens of New Jersey, Texas, Colorado and Florida, that plaintiffs were citizens of Wisconsin and that the insurance proceeds were $100,000.

These allegations were sufficient for the notice of removal, but I cannot rely on allegations to determine subject matter jurisdiction at the summary judgment stage. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Unfortunately, neither side cited any evidence regarding the parties' citizenship in their proposed findings of fact, even though this court's summary judgment procedures required them to do so. Dkt. #10, at 11 ("All facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact. This includes facts establishing jurisdiction.").

In the notice of removal, defendants cited 28 U.S.C. § 1331 as an alternative basis for jurisdiction. Under that statute, jurisdiction is present if the plaintiff's claim "arises under" federal law. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' Federal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden v. Discover Bank, 129 S.

2

Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Defendants stated in their notice of removal that plaintiff's claim arises under the Servicemembers Group Life Insurance Act, 38 U.S.C. § 1965, because the life insurance policy at issue was obtained through the Department of Veterans Affairs.

The potential problem with relying on § 1331 is that plaintiffs are not seeking relief under 38 U.S.C. § 1965; their claim is premised on state law. Although defendants are arguing that § 1965 preempts plaintiffs' state law claim, that does not necessarily provide a basis for jurisdiction. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 803-04 (7th Cir. 2009) ("[F]ederal preemption ordinarily does not provide a basis for asserting federal jurisdiction over a claim."). Federal jurisdiction is present only in cases of "complete preemption" when "Congress clearly intended completely to replace state law with federal law and create a federal forum." Vorhees v. Naper Aero Club, Inc., 272 F.3d 398, 403 (7th Cir. 2001). Because neither side developed an argument on this point, I cannot rely on § 1331 to exercise jurisdiction over this case.

I cannot decide the merits of the case until the parties establish that jurisdiction is present. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). Because defendants removed the case, they have the burden of proof on this issue. Accordingly, I will give defendants an opportunity to file supplemental materials to meet their burden.

Defendants have multiple options. First, they may submit evidence (a stipulation

3

would do) showing that plaintiffs and defendants are citizens of different states. I remind defendants that "residence" and "citizenship" are not the same thing for the purpose of determining diversity jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). To establish citizenship, the proponent of jurisdiction must show where each individual is domiciled, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

If defendants do not believe they can establish diversity under § 1332, they must show that § 1331 provides a basis for jurisdiction under the complete preemption doctrine.

ORDER

IT IS ORDERED that defendants may have until March 29, 2012, to file and serve supplemental materials showing that this court may exercise jurisdiction over this case. If defendants fail to respond by that date, I will remand the case to state court for lack of

4

subject matter jurisdiction.

Entered this 22d day of March, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5